CHARLES RITCHIE v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 8, 1900.)

CRIMINAL TRIAL—*Appeal—Errors not Reviewed Unless Excepted to—Presumption.* The indictment charged a misdemeanor, to-wit. the offense of keeping a house of ill fame. It is assigned as error that the court had no jurisdiction of the offense, inasmuch as, it is averred, no order was made by the judge or court as provided in the statute, and it was therefore not the subject of indictment, but of information. The defendant was tried upon the indictment, without objection or exception reserved. It will be presumed here that the proceeding was in conformity with the law, in the absence of any evidence to the contrary in the record. After verdict a court in review will assume that all the proceedings necessary to support the verdict were legally had, which were necessarily involved in the verdict. Errors must appear affirmatively in the record; they will not be presumed.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*W. R. Kirkpatrick* and *J. H. Warren,* for plaintiff in error.

*Harper S. Cunningham, Attorney General,* for defendant in error.

Opinion of the court by

McATEE, J.: The defendant was indicted for the offense of keeping a house of ill fame. The offense is a misdemeanor, and the Statute, section 3, chapter 41, 1895, provides that:

"Misdemeanors must be prosecuted by information; * * provided, however, that the district court, or the judge thereof, may, by order made, direct that any par-

ticular misdemeanor be presented to the grand jury, and when so ordered it may be prosecuted by indictment."

The only assignment of error argued in the briefs is that the court had no jurisdiction of the offense, inasmuch as, being a misdemeanor, no order was made by the judge, or court, as directed in the statute, and that it was, therefore, not the subject of indictment, but of information.

The record is silent as to whether or not the court made an order submitting this particular misdemeanor to the grand jury. So far as the record disclo.es, the proceedings were regular below. The proceeding against the defendant should not have been by indictment, except upon the order of the court, or judge, and inasmuch as the proceeding was had by indictment, and tried by a jury, and a verdict of guilty rendered, and sentence imposed, it must be presumed that the proceeding was regular and in conformity with the law, in the absence of any evidence to the contrary in the record.

After verdict, a court in review will assume all the proceedings necessary to support the verdict where legally taken and had, which are necessarily involved in the verdict. Errors must appear affirmatively in the record; they will not be presumed. (19 Amer. & Eng. Ency. of Law, p. 49; *Wagers v. Dickey*, 17 Ohio, 439; *Coil v. Willis*, 18 Ohio, 28.)

The defendant appeared and defended to the action, without making any objection, so far as the record shows, to its entire regularity, and it will, therefore, be presumed that the jurisdiction was complete and regular, and that it was by him at the time known to be so. (Amer. and Eng. Ency. of Law, 12; 272.)

The judgment of the court below is affirmed.

All of the Justices concurring.